IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-033-JHP |
| ) | |
| AARON MICHAEL THOMPSON, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

This matter comes before the Court on Defendant Thompson's Motion for James Hearing (Doc. 412). Defendant Thompson seeks disclosure of all statements the Government may offer under Fed.R.Evid. 801(d)(2)(E) asserting that he anticipates that co-conspirator statements will be the most damaging evidence against him and, therefore, he requests this Court "identify each co-conspirator statement intended to be offered at trial, determine whether a conspiracy existed with respect to Defendant and that particular declarant and determine whether the coconspirator statement was made in furtherance of and during the course of said conspiracy for each such statement." The Government has filed a Response opposing the defendant's motion (Doc. 421).

While the Defendant argues, citing *U.S. v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994), that there is a 'strong preference' for pretrial hearings on the issue of such statements' admissibility, there is no requirements that a "pretrial hearing" be held. In *U.S. v. Owens*, 70

F.3d 1118 (10th Cir. 1995), the court stated the following regarding the admission of out-of-court statements by co-conspirators as non-hearsay pursuant to Fed.R.Evid. 801(d)(2)(E):

> Before admitting evidence under this rule, " 'The court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.' " *United States v. Urena,* 27 F.3d 1487, 1490 (10th Cir.) (quoting *United States v. Johnson,* 911 F.2d 1394, 1403 (10th Cir.1990), *cert. denied,* 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 781 (1991)), *cert. denied,* --- U.S. ----, 115 S.Ct. 455, 130 L.Ed.2d 364 (1994). The district court may make these factual determinations using either of two procedures: (1) It may hold a " *James* hearing," *see generally, United States v. James,* 590 F.2d 575 (5th Cir.), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), outside the presence of the jury to determine whether the predicate conspiracy existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must "connect up" during trial, *i.e.,* that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence. *Urena,* 27 F.3d at 1491. The former procedure is "strongly preferred" in this Circuit. *Id.*

*Id.,* at 1123.

While this Court agrees that holding a *James* hearing outside the presence of the jury, prior to admission of out-of-court statements by co-conspirators is the preferable method, nothing within this rule requires that the *James* hearing be conducted prior to trial. Furthermore, in *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987), the Court held a defendant has

> no distinct right to a pretrial hearing with regard to the conspiracy determination. *United States v. Monaco,* 700 F.2d 577, 581 (10th Cir.1983) ("a trial court has no obligation to determine admissibility of possible hearsay at the pretrial stage"); *United States v. Ammar,* 714 F.2d 238, 246-47 (3d Cir.), *cert. denied,*464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *United States v. Nichols,* 695 F.2d 86, 90 (5th Cir.1982). "At times, the court will be able to make its determination on the basis of proffers or even on the opening or what it knows of the available proof from the pretrial or suppression hearings." 1 Weinstein's Evidence ¶ 104 [05] at 104-56 (1986).

There is no abuse of discretion in denying a pretrial *James* hearing when the pretrial hearing would be lengthy and would entail calling and recalling officers and witnesses in an elaborate and repetitive procedure. *Hernandez, supra*. In this case, Count One of the Indictment alleges a drug conspiracy, in violation of 21 U.S.C. § 846, involving seven (7) indicted co-conspirators as well as other known and unknown unindicted co-conspirators. The conspiracy is alleged to have lasted approximately five years, from 1999 until July 30, 2004. Additionally, the entire indictment contains 37 counts and is 60 pages long. While this Court is not privy to the discovery herein, the parties have made representations to this Court indicating there are over 2,000 pages of discovery which have been provided by the government. As a result, this Court finds a pretrial *James* hearing would be lengthy, extremely cumbersome and a waste of judicial economy. Based upon this Court's past experience and in light of the length, complexity and size of the alleged conspiracy, as well as the potentially large number of co-conspirator statements that may be involved herein, this Court believes it will be in a better position to analyze the admissibility of specific co-conspirators' statements at the time of trial. In an effort to expedite the trial, however, the Government is hereby ordered to file a written proffer containing its 801(d)(2)(E) evidence by noon on September 22, 2010. Such proffer shall include not only the specific statement(s) of any co-conspirators which the government seeks to admit pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, but also a concise summary of other evidence sufficient to meet its burden under that rule, *i.e.*, that a conspiracy existed, that the declarant and the defendant were members of the conspiracy, and that the statements were made in the course of and in furtherance of the conspiracy. After receiving this proffer, this

Court will be in a better position to determine if a *James* hearing is necessary to prove the existence of the predicate conspiracy. If the Court determines that a *James* hearing is required, it is the Court's intent to hold any such hearings during the trial of this matter but outside the presence of the jury, prior to the admission of any co-conspirators statements within the purview of Rule 801(d)(2)(E).

For the reasons discussed herein, it is the Order of this Court that Defendant Thompson's Motion for a James Hearing (Doc. 412) is denied.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma